UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CINDY H.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C21-5381 RAJ

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of her application for disability insurance benefits. Plaintiff contends the ALJ erred by failing to give clear and convincing reasons to reject Plaintiff's testimony regarding her migraine condition, and by rejecting the opinions of Crystal Wilmot, ARNP. Dkt. 13, p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an award of benefits.

## BACKGROUND

Plaintiff is 54 years old, has a high school education, and has worked as a dispatcher, hotel clerk, receptionist, customer service clerk, and general office clerk. Admin. Record (Dkt. 10), 1326–27. On January 21, 2015, Plaintiff applied for benefits, alleging disability as of November 1, 2014. AR 313–14, 1304. At the most recent hearing, Plaintiff amended her alleged onset date to December 1, 2016. AR 1305, 1344–45. Plaintiff's applications were

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

denied initially and on reconsideration. AR 130–56. ALJ Rebecca L. Jones held three hearings, the first of which was postponed to allow Plaintiff to obtain counsel. AR 37–129. On June 27, 2018, ALJ Jones issued a decision finding Plaintiff not disabled. AR 15–28.

The Appeals Council subsequently denied review, and Plaintiff sought judicial review before this Court. AR 6–8, 1397–98.

On March 3, 2020, U.S. District Judge Benjamin H. Settle entered an order reversing the Commissioner's denial of benefits and remanding the case for further administrative proceedings. AR 1405–15. Judge Settle held the ALJ did not err in rejecting Plaintiff's testimony regarding the severity of her migraines for the period from January 2015 through 2016 "because Plaintiff received little treatment for migraines during that time." AR 1410. Judge Settle held the ALJ erred, however, in rejecting Plaintiff's testimony regarding the severity of her migraines from late 2016 on. AR 1411–12. Judge Settle held the ALJ did not err in rejecting an opinion from Ms. Wilmot dated September 28, 2017. AR 1413–14.

On remand, the ALJ held a new hearing in December 2020. AR 1338–65. The ALJ then issued a new decision again finding Plaintiff not disabled. AR 1304–28. In relevant part, the ALJ found Plaintiff had severe impairments of, among other things, migraine headaches. AR 1307. The ALJ found Plaintiff had the residual functional capacity to perform light work with additional physical and mental restrictions. AR 1310–11.

The Appeals Council did not assume jurisdiction after the ALJ's latest decision, and thus it became the Commissioner's final decision. *See* 20 C.F.R. § 404.984(d). Plaintiff seeks judicial review of this 2020 ALJ decision.

**DISCUSSION**

The Court may set aside the Commissioner's denial of Social Security benefits only if the

ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

### A. Plaintiff's Testimony Regarding Migraines

Plaintiff contends the ALJ erred by rejecting her testimony regarding the severity of her migraines. Dkt. 13, pp. 2–9. Plaintiff testified she has migraines three to five times a week, lasting from two to 12 hours. AR 70, 73–74, 90, 120, 1353–54. She testified her migraines cause her pain and make it difficult to concentrate. AR 70. She testified she lost a substantial amount of weight due to her migraines. AR 75–76. She testified she lies down or tries to sleep during her migraines. AR 90, 1355.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; she does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged. *Id.* The ALJ found Plaintiff met this step. AR 1312.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014–15.

The ALJ rejected Plaintiff's testimony because she found it was inconsistent with the treatment record and Plaintiff's actual functioning. AR 1318. The ALJ erred in doing so.

The ALJ noted the record showed unremarkable findings on imaging, citing to a CT scan

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 3

of Plaintiff's head. AR 978, 1318. The ALJ cited to this same study in her last decision. *See* AR 22. The Court notes, as Judge Settle did before, that the findings from that imaging study do not contradict Plaintiff's testimony. *See* AR 1412. The cause of migraines is generally unknown. *See Johnson v. Saul*, No. 2:18-cv-226-EFC, 2019 WL 4747701, at *4 (E.D. Cal. Sept. 30, 2019) (noting "the cause of migraine headaches is generally unknown"); *Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *8 (N.D.N.Y. Sept. 3, 2008) (citing *The Merck Manual* 1376 (17th ed. 1999)).

The ALJ noted Plaintiff had temporary resolution of her migraines after she had surgery on her thoracic spine. AR 1318. Nothing about this contradicts Plaintiff's testimony. That she experienced migraine relief for what the record indicates was roughly a two-month period does not undermine her testimony that she suffered migraine symptoms during the alleged disability period. *See* AR 628, 634.

The ALJ determined Plaintiff effectively managed her symptoms with conservative treatment, "which primarily consisted of prescription medications and trigger point injections." AR 1318. The evidence does not support the ALJ's finding that Plaintiff's symptoms were effectively controlled. Plaintiff regularly reported significant pain from her migraine headaches. *See, e.g.*, AR 628, 868, 1049–50, 1287. Moreover, Plaintiff received more than conservative treatment. She had multiple trigger point injections to try to control her migraines. *See, e.g.*, AR 617–18, 868, 1008. This was not conservative treatment. *See Garrison*, 759 F.3d at 1015 n.20 ("[W]e doubt that epidural steroid shots . . . qualify as 'conservative' medical treatment."). The ALJ therefore erred in rejecting Plaintiff's migraine symptom testimony based on a finding that her symptoms were effectively managed with conservative treatment.

The ALJ determined Plaintiff had intermittent symptoms and was able to function despite

her migraine condition.  AR 1318, 1320.  But nothing the ALJ cited showed Plaintiff could function at a level above what she testified to.  That Plaintiff was in no acute distress at some of her appointments does not contradict her testimony that she suffered debilitating migraines three to five times a week.  And Plaintiff did not report she could function despite her migraines.  Rather, Plaintiff reported she had significant pain from migraines, and indicated she was resigned to it.  *See, e.g.*, AR 1051, 1053–54.

The ALJ found Plaintiff made inconsistent statements, undermining the reliability of Plaintiff's statements.  AR 1319.  None of the ALJ's findings here support rejecting Plaintiff's testimony.  The ALJ first determined Plaintiff testified to using a cane, but the record indicated Plaintiff consistently walked without an assistive device.  *Id.*  Any inconsistency here is unrelated to Plaintiff's claims of severe migraine symptoms, and thus cannot support rejecting her migraine testimony.  Moreover, the record contains some evidence showing Plaintiff used a cane.  *See* AR 616, 623, 853.

The ALJ next determined it was inconsistent that Plaintiff reported debilitating migraine pain but failed to engage in physical therapy.  AR 1319.  This would be a failure to seek treatment rather than an inconsistent statement.  Even so, the ALJ failed to address that the record stated Plaintiff stopped going to physical therapy because her plan of care expired and she had not noticed any improvement.  *See* AR 834.  The ALJ therefore erred by rejecting Plaintiff's testimony based on inconsistent statements.

The ALJ further rejected Plaintiff's testimony because her activities of daily living were inconsistent with the level of limitation alleged.  AR 1320.  The activities to which the ALJ cited, such as Plaintiff managing her own personal care, performing some household chores, and grocery shopping, do not support the ALJ's finding.  *See* AR 360–61, 616, 1039.  "[T]he mere

fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ thus erred in rejecting Plaintiff's testimony as inconsistent with her activities of daily living.

Finally, the ALJ rejected Plaintiff's testimony because she determined Plaintiff stopped working for reasons unrelated to her alleged disability. AR 1321. In particular, the ALJ determined Plaintiff stopped working because she had been addicted to opioids, "which affected every major aspect of her life, including her employment," and focused on treatment aimed at maintaining her sobriety once she stopped working. *Id.* The evidence does not support this finding. The ALJ made no finding that Plaintiff's substance abuse was material to a finding of disability. And Plaintiff's receipt of treatment to overcome her addiction in no way contradicts her testimony regarding the severity of her migraine symptoms. The ALJ thus erred.

In sum, the ALJ failed to give any clear and convincing reasons to reject Plaintiff's testimony regarding the severity of her migraine symptoms.

**B.     Ms. Wilmot's Opinions**

Plaintiff contends the ALJ erred in rejecting the opinions of Ms. Wilmot. Dkt. 13, pp. 9–10. On September 28, 2017, Ms. Wilmot signed a letter agreeing with a narrative summary from Plaintiff's counsel about Plaintiff's symptom reports and treatment. *See* AR 606. On June 15, 2020, Ms. Wilmot responded to a questionnaire from Plaintiff's counsel regarding Plaintiff's symptoms. AR 1671–72. Ms. Wilmot opined Plaintiff experienced an average of five to six migraines a week. AR 1671. She agreed Plaintiff continued to report symptoms of pain,

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 6

photophobia, phonophobia, nausea, and vomiting after August 2017. *Id.* Ms. Wilmot reported no medications or other treatments have been successful at significantly reducing the frequency of Plaintiff's migraines. AR 1672. Ms. Wilmot opined Plaintiff would miss three or more days of work per month due to incapacitating headache pain. *Id.*

An ALJ need only provide germane reasons to reject the opinions of a nurse practitioner.[1] *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (holding nurse practitioners are "other sources" rather than acceptable medical sources, so an ALJ need only provide germane reasons to discount their opinions).

The ALJ rejected Ms. Wilmot's opinions because "she merely agreed with statements provided by the claimant's representative in a 'check box' format instead of providing her own objective statements," her opinions were inconsistent with her own treatment notes, her opinions were inconsistent with the overall medical record, and her opinions were inconsistent with Plaintiff's activities of daily living. AR 1324–25.

The ALJ did not err in rejecting Ms. Wilmot's 2017 opinions. As Judge Settle previously held, the ALJ did not harmfully err in rejecting those opinions because Ms. Wilmot gave no explanation for the bases of her opinions. AR 1413–14. Failure to give "any explanation of the bases of [a provider's] conclusions" is a germane reason to rejection the provider's opinions. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (citing *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983)).

The ALJ erred, however, in rejecting Ms. Wilmot's 2020 opinions. Ms. Wilmot did more

---

[1] The Commissioner revised the regulations governing ALJ review to change nurse practitioners to acceptable medical sources. *See* 20 C.F.R. § 404.1502(a)(7). Those regulations apply only to claims filed after March 27, 2017. *See id.* Plaintiff's claim was filed on January 21, 2015, so the revised regulations do not apply. *See* AR at 313–14, 1304.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 7

in 2020 than agree with a single narrative summary of Plaintiff's symptoms and treatment, as she had in 2017.  Ms. Wilmot provided several written, albeit brief, explanations of her opinions.  *See* AR 1671–72.  Moreover, Ms. Wilmot's treatment notes could explain her opinions.  *See Garrison*, 759 F.3d at 1013 (holding ALJ erred in rejecting doctor's opinions as inadequately explained while ignoring doctor's treatment records).  The ALJ briefly cited to Ms. Wilmot's notes, but failed to adequately explain how those records contradicted or failed to support her opinions regarding Plaintiff's conditions.  *See* AR 1314–16, 1324–25.  The ALJ noted Plaintiff had certain normal objective findings during Ms. Wilmot's exams, such as intact cranial nerves and ambulation with normal gait.  AR 1314–16.  These findings do not contradict Ms. Wilmot's opinions because, as stated above, it is generally unknown what causes migraines.  *Cf. Johnson*, 2019 WL 4747701, at *4.  Plaintiff did report to Ms. Wilmot symptoms of headaches, dizziness, and blurry vision.  AR 994–95, 1000, 1009, 1247.  The ALJ therefore failed to adequately explain how Ms. Wilmot's treatment records contradicted or failed to support her 2020 opinions.

The ALJ's last two reasons for rejecting Ms. Wilmot's 2020 opinions—inconsistency with the overall medical record and Plaintiff's activities of daily living—mirror the reasoning provided to reject Plaintiff's testimony.  *See* AR 1318–20, 1324–25.  These reasons fail here for the same reasons they failed with respect to Plaintiff's testimony.

The ALJ therefore failed to give any germane reasons for rejecting Ms. Wilmot's 2020 opinions.  The ALJ did not err in rejecting Ms. Wilmot's 2017 opinions.

### C. Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits.  Dkt. 13, p. 10.  Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth

Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Plaintiff has satisfied each step of this framework. At the first step, the ALJ did not provide legally sufficient reasons to reject Plaintiff's testimony and Ms. Wilmot's 2020 opinions. At the second step, there are no true conflicts in the record that the ALJ has not already had two opportunities to address. No doctor or medical provider directly contradicted Plaintiff's testimony or Ms. Wilmot's 2020 opinions regarding the frequency of Plaintiff's migraine symptoms and resulting absence from work. Contrary to Defendant's assertion, neither the testifying medical expert, John Kwok, M.D., nor the state agency medical consultants addressed Plaintiff's migraine symptoms. *See* AR 111–16. There are no factual issues the ALJ must resolve, particularly since she had an opportunity to address any such issues after the first remand in this case, and thus further proceedings would not be useful. *See Treichler*, 775 F.3d at

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 9

1103–04.

Turning to the third step, the ALJ would be required to find Plaintiff disabled if Plaintiff's testimony and Ms. Wilmot's 2020 opinions were credited as true. In particular, Plaintiff testified she has migraines three to five times a week, lasting from two to 12 hours, and needs to lie down or sleep during that time. AR 73–74, 90, 120, 1353–55. Ms. Wilmot opined Plaintiff would be absent from work three or more times per month due to her migraines. AR 1672. The vocational expert testified employers would tolerate a maximum of one absence per month. AR 1363. Based on this testimony, and crediting as true Plaintiff's testimony and Ms. Wilmot's 2020 opinions, the ALJ would be required to find Plaintiff disabled.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an award of benefits.

DATED this 2nd day of December, 2021.

*Richard A. Jones*
—————————————
The Honorable Richard A. Jones
United States District Judge